**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                  **4:15CR00169-03-JM**

**MACHELE NEWBERN**

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 245) is DENIED.

**I.   BACKGROUND**

On August 31, 2016, Defendant pled guilty to distribution of methamphetamine.[1] On February 9, 2017, he was sentenced to 120 months in prison.[2]

**II.   DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4]

---

[1] Doc. Nos. 84, 85.

[2] Doc. Nos. 105, 107.

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

Defendant provided the request seeking compassionate release that he sent to the warden. It has been thirty days since the request was submitted, and there has been no response. Accordingly, the issue is properly before this Court.

In support of his request, Defendant asserts that he has COPD, "severe asthma, which requires daily breathing treatments, and a history of smoking, all of which put him at a higher risk of suffering from COVID-19. First, these health conditions are not "extraordinary and compelling" reasons to support Defendant's release. Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5] Defendant's health conditions are not listed. Although Defendant provided medical records, he has provided no argument or evidence to show that his health conditions are severe enough to prevent him from independently functioning within the prison. Additionally, the record supports a finding that his conditions are controlled with medication. Finally, his health conditions were not severe enough to prevent him from using crack cocaine on a daily basis for decades. Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[6] Third, Defendant is 60

---

[5] Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[6] *United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

years old and has served only 40% of his sentence which means he does not meet the age or minimum served time requirements under the Guidelines.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Defendant has three prior convictions, which include breaking and entering, distribution of cocaine, and possession of marijuana.  Notably, the distribution conviction is the same behavior as the instant offense.  In fact, Defendant committed the instant offense while on probation for a previous drug conviction.

The severity of the instant offense must also be considered.  Defendant was repeatedly involved in the sale of ounce-quantities of methamphetamine to a confidential informant.  Ultimately, Defendant was held responsible for distributing 78.9 grams of methamphetamine.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 245) is DENIED.

IT IS SO ORDERED, this 31st day of August, 2020.

_____
UNITED STATES DISTRICT JUDGE